## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAYLEY GUADALUPE SORIA CASTANEDA, 123 Calhoun Avenue, Pittsburgh, PA 15210, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION, 1300 Pennsylvania Avenue, Ste. 4.4-B, Washington, DC 20229, <br><br> *Defendant*. | Civil Action No. 1:25-cv-1537 |

## COMPLAINT

### Introduction

1. Plaintiff Hayley Guadalupe Soria Castaneda challenges the failure of Defendant United States Customs and Border Protection ("CBP") to timely respond to a clear and targeted Freedom of Information Act ("FOIA") request.

2. Ms. Soria Castaneda submitted her FOIA request with CBP on December 6, 2024.

3. Over five months later—and well beyond the statutory response deadline—Ms. Soria Castaneda still has not received *any* responsive documents.

4. Defendant's failure to properly and timely respond to Ms. Soria Castaneda's FOIA request is a clear violation of the Freedom of Information Act. Accordingly, the Court should order CBP to fully and immediately respond to the request.

**Jurisdiction and Venue**

5. This case arises under the Freedom of Information Act, 5 U.S.C. § 551 *et seq.* This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) as well as 28 U.S.C. § 1331, as a civil action arising under the laws of the United States.

6. Venue is proper in this judicial district because under 5 U.S.C. § 552(a)(4)(B) the District of Columbia is a permissible venue for all FOIA claims.

**Parties**

7. Plaintiff Hayley Guadalupe Soria Castaneda is a FOIA requestor who resides in Pittsburgh, Pennsylvania.

8. Ms. Soria Castaneda has standing because an order requiring Defendant to respond to her FOIA request will directly redress her injury caused by their failure to respond as required by statute.

9. Defendant United States Customs and Border Protection is an "agency" within the meaning of the governing statutory definition at 5 U.S.C. § 551(1) and therefore subject to the requirements of the Freedom of Information Act.

**Factual Allegations**

10. On December 6, 2024, Ms. Soria Castaneda submitted a FOIA request to CBP through the agency's SecureRelease portal seeking all her entry and exit records and any other pertinent records involving her interactions with CBP. (Ex. 1 (FOIA request).)

11. CBP assigned Ms. Soria Castaneda's request to its "simple" processing track, indicating that it could be quickly and easily processed as opposed to one that would be assigned to the "complex" track. (*Id.*)

12. Having heard nothing for almost two months, Ms. Soria Castaneda's immigration attorney reached out by email to CBP's FOIA public liaison on January 31, 2025, emphasizing the

urgent need for the records and the inordinate processing time given the "simple" nature of the request. (Ex. 2 (Email correspondence).)

13. CBP took nearly three weeks to respond to the inquiry, stating that the "expected response time for a FOIA request for travel documents is 6-9 months." (*Id.*)

14. Ms. Soria Castaneda's attorney immediately responded by pointing out that the 6-9-month processing time was a blatant violation of the FOIA requirement to process the request within 20 business days. (*Id.*); *see also* 5 U.S.C. § 552(a)(6)(A)(i). She further pleaded for a timely response to avoid litigation. (Ex. 2.)

15. CBP did not respond for another two months, stating on April 10, 2025 (after the FOIA request had already been pending four months), that it could take "an additional six months" to respond to Ms. Soria Castaneda's request that they had coded as "simple." (*Id.*)

16. To date, CBP has not produced any of the records sought under Ms. Soria Castaneda's FOIA request.

17. Ms. Soria Castaneda has exhausted her administrative remedies under the Freedom of Information Act because the agency has failed in its statutory obligation to timely produce the requested records. 5 U.S.C. § 552(a)(6)(C).

## CAUSE OF ACTION

### COUNT I

#### Freedom of Information Act Violation (5 U.S.C. § 552)

18. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

19. The FOIA statute requires that an agency make a determination on a FOIA request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). An agency may extend its response time in case of "unusual circumstances" by no more than 10 business days provided it sends the requestor "written notice." *Id.* § 552(a)(6)(B)(i).

20. Ms. Soria Castaneda's FOIA request submitted to CBP reasonably described the records at issue and adhered to all applicable rules and regulations.

21. The records requested by Ms. Soria Castaneda are within Defendant's control.

22. The requested records do not fall within any FOIA exception or exemption.

23. Defendant CBP has violated FOIA, 5 U.S.C. § 552, by failing to timely and fully produce the records that Ms. Soria Castaneda requested.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Order Defendant to immediately and fully respond to Plaintiff's FOIA request;

2. Award Plaintiff her attorneys' fees and costs, including but not limited to those recoverable under the Freedom of Information Act; and

3. Grant any other relief that this Court may deem just and proper.

Dated: May 14, 2025.

Respectfully submitted,
/s/ David E. Gluckman
David E. Gluckman (District Court Bar #VA041)
MCCANDLISH HOLTON, PC
1111 East Main St., Ste. 2100
Richmond, VA 23219
Telephone: (804) 775-3826
Fax: (804) 775-7226
dgluckman@lawmh.com